# United States Court of Appeals
## For the First Circuit

Nos. 09-1308, 09-1309

GLOBAL NAPS, INC.,

Plaintiff/Counterclaim Defendant, Appellant,

v.

VERIZON NEW ENGLAND INC. d/b/a VERIZON MASSACHUSETTS,

Defendant/Counterclaim Plaintiff, Appellee,

MASSACHUSETTS DEPARTMENT OF TELECOMMUNICATIONS AND ENERGY; PAUL
B. VASINGTON, in his capacity as Commissioner; JAMES CONNELLY, in
his capacity as Commissioner; W. ROBERT KEATING, in his capacity
as Commissioner; DEIRDRE K. MANNING, in her capacity as
Commissioner; and EUGENE J. SULLIVAN, JR., in his capacity as
Commissioner.

Defendants,

v.

GLOBAL NAPS NEW HAMPSHIRE, INC.; GLOBAL NAPS REALTY, INC.; GLOBAL
NAPS NETWORKS, INC.; FERROUS MINER HOLDINGS, LTD.; and FRANK
GANGI,

Counterclaim Defendants, Appellants,

CHESAPEAKE INVESTMENT SERVICES, INC.; 1120 HANCOCK STREET, INC.,
321 HEATH STREET REALTY TRUST; CJ3, INC.; and RJ EQUIPMENT, INC.,

Counterclaim Defendants.

ERRATA SHEET

The opinion of this Court issued on April 29, 2010, is amended
as follows:

On page 3, line 6, "fourth" is changed to "fifth".

On page 25, line 12, "third" is changed to "other".

On page 25, footnote 18, lines 5-7, "But we did not rely on that rule to decide the case, nor did we consider the effect of the 1990 statute on it.  Id.  It does not bind us here." is changed to "Iglesias assumed that "Section 1367 incorporates the common law doctrines of pendent and ancillary jurisdiction," id. at 241, which, we explain below, the Supreme Court has since squarely rejected, see Allapattah, 545 U.S. at 558-59.  We will therefore reconsider this issue.  See, e.g., Muskat v. United States, 554 F.3d 183, 189 (1st Cir. 2009)."

On page 25, footnote 19, "Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552-57 (2005)" is changed to "Allapattah, 545 U.S. at 552-57".